WENDY M. KRINCEK, ESQ., Bar # 06417
Z. KATHRYN BRANSON, ESQ., Bar #11540
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:         702.862.8811
Email:  wkrincek@littler.com
Email: kbranson@littler.com

Attorneys for Defendant
FITNESS ALLIANCE, LLC

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR BANUETT, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>FITNESS ALLIANCE, LLC, a Nevada Limited-Liability Company (dba Gold's Gym); DOE Individuals 1-10 and ROE CORPORATIONS 1-10, inclusive,<br><br>  Defendants. | Case No.: 2:16-cv-02732-APG-CWH<br><br>**STIPULATION AND PROPOSED ORDER TO STAY DISCOVERY**<br><br>**[FIRST REQUEST]** |

Plaintiff VICTOR BANUETT ("Plaintiff") and Defendant FITNESS ALLIANCE, LLC ("Defendant"), by and through their respective counsel, do hereby stipulate and agree to stay discovery until the Court has ruled on Defendant's Motion to Enforce Severance Agreement And Dismiss Case With Prejudice ("Defendant's Motion to Enforce") (**ECF No. 10**).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."  With Rule 1 as its prime directive, the court must

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, in assessing a request to stay discovery, the court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Defendant's Motion to Enforce warrants a stay of discovery. First, the Motion is potentially dispositive of the entire case as it seeks enforcement of the parties' Confidential Severance Agreement and General Release ("Severance Agreement"), wherein Plaintiff agreed to a release of all claims relating to or arising from his employment with Defendant in exchange for a severance payment. (**ECF No. 10, Exhibit B.**) Each of the claims alleged in his Complaint specifically arise out of and relate to his employment with Defendant. This Court has inherent ability to summarily enforce the Severance Agreement and dismiss Plaintiff's Complaint with prejudice. *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Accordingly, the parties agree that Defendant's Motion to Enforce is the type warranting a stay of discovery.

Second, neither party will suffer hardship or inequity as a result of stay because further discovery is unjustified at this point. Defendant has moved to enforce the Severance Agreement, which, if granted, will result in dismissal with prejudice of the entire case. Also, the parties agree

2.

that discovery is not necessary prior to the Court's determination as to whether or not the Severance Agreement should be enforced and Plaintiff's claims dismissed with prejudice. Requiring the parties to conduct discovery on claims that Plaintiff previously agreed not to bring before this Court would result in an unnecessary expenditure of resources and is particularly prejudicial to Defendant.

Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d at 685. Ordering the parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on claims that may be dismissed, with prejudice.

Accordingly, the parties have made the required showing to support their joint request to stay discovery. For the reasons articulated above, the Court should stay discovery until an Order has

///

///

///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

been issued on Defendant's Motion to Enforce (**ECF No. 10**). If Plaintiff's claims survive, then the parties will conduct a Rule 26(f) conference and submit a Discovery Plan and Scheduling Order at such future date to be ordered by the Court.

| Dated: January 9, 2017 | Dated: January 10, 2017 |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Randal R. Leonard, Esq. | /s/ Z. Kathryn Branson, Esq. |
| RANDAL R. LEONARD, ESQ. | WENDY MEDURA KRINCEK, ESQ. |
| | Z. KATHRYN BRANSON, ESQ. |
| Attorney for Plaintiff | LITTLER MENDELSON, P.C. |
| VICTOR BANUETT | |
| | Attorneys for Defendant |
| | FITNESS ALLIANCE, LLC |

IT IS SO ORDERED. IT IS FURTHER ORDERED that if Defendant's Motion to Enforce Severance Agreement and Dismiss Case with Prejudice (ECF No. 10) is denied, the parties must meet and confer and file a proposed stipulated discovery plan and scheduling order within 21 days from the date of the order denying the motion.

_____
HONORABLE CARL W. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2017

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.